IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ISAIAS ROSALES, individually and d/b/a POLLOS ASADOS EL REGIO; POLLOS ASADOS EL REGIO #1, INC., d/b/a POLLOS ASADOS EL REGIO; POLLOS ASADOS EL REGIO #5, INC., d/b/a EL REGIO POLLOS ASADOS; POLLOS ASADOS EL REGIO #7, INC., d/b/a EL POLLO REGIO; POLLOS ASADOS EL REGIO #9, INC., d/b/a POLLOS EL REGIO; POLLOS ASADOS EL REGIO #10, INC.; POLLOS ASADOS EL REGIO #11 INC.; POLLOS ASADOS EL REGIO #12 INC.; POLLOS ASADOS EL REGIO #13 INC.; POLLOS ASADOS EL REGIO #14 INC., <br><br> *Plaintiffs*, <br><br> v. <br><br> **JOSE JUAN BAZALDUA and EL POLLO REGIO IP, LLC,** <br><br> *Defendants*. | CIVIL ACTION NO. 4:17-cv-00414 |

## DEFENDANTS' MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT

Defendants Jose Juan Bazaldua ("Bazaldua") and El Pollo Regio IP, LLC ("Pollo Regio") (together, "Defendants") file this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), and respectfully state as follows:

# I.
# NATURE AND STAGE OF PROCEEDING

This Motion is Defendants' initial response to Plaintiffs' Original Complaint ("Complaint"),[1] which unsuccessfully attempts to allege *causes of action* against Defendants for "injunctive relief" and "declaratory relief." Plaintiffs have been improperly using Pollo Regio's name and logo, despite Pollo Regio having federal trademark protection on both. Despite that, Plaintiffs prematurely brings this preemptive lawsuit to claim that they, and not Pollo Regio, are entitled to use those marks. But, while Plaintiffs seek both injunctive relief and declaratory relief, their Complaint states no cause of action on which to base that relief. Both types of relief require some valid, underlying cause of action, and Plaintiffs have pled no such underlying claim. To the extent Plaintiffs attempt to plead trademark infringement under the Lanham Act, their Complaint does not adequately state such a claim. Moreover, the face of the Complaint reveals that Plaintiffs granted Defendants a license to use the marks in dispute. Plaintiffs request for an injunction also fails because they have failed to plead the requisite elements. And their claim for declaratory relief further fails to state a claim because it does nothing to alter the legal relationship of the parties. Accordingly, the Court should dismiss the Complaint in its entirety.

# II.
# STATEMENT OF THE ISSUES AND LEGAL STANDARD

Defendants seek determination of the following issues:

---

[1] *See* Pls.' Original Compl., filed Feb. 9, 2017 [Doc. 1] ("Complaint").

1.	Whether Plaintiffs' Complaint states a claim for which relief may be granted as to their claim for injunctive relief.

2.	Whether Plaintiffs' Complaint states a claim for which relief may be granted as to their claim for declaratory relief.

The legal standard for both issues is the well-worn standard for a pleading to survive a Rule 12(b)(6) motion to dismiss. Plaintiffs' Complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face.[2] A claim has facial plausibility when it pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[3] For purposes of a motion to dismiss under Rule 12(b)(6), the Court must accept as true the allegations in the Complaint;[4] however, "in order to avoid dismissal for failure to state a claim ... a plaintiff must plead specific facts, not mere conclusory allegations."[5] A court "will thus not accept as true conclusory allegations or unwarranted deductions of fact."[6] Furthermore, a plaintiff's complaint is subject to dismissal under Rule 12(b)(6) when it "does not include a cognizable legal theory."[7]

---

[2] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[3] *Id.*

[4] *Id.*

[5] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[6] *Id.*; *see also Iqbal*, 556 U.S. at 884 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'").

[7] *Greater Houston Transp. Co. v. Uber Techs., Inc.*, CIV.A. 4:14-0941, 2015 WL 1034254, at *5 (S.D. Tex. Mar. 10, 2015); *see also Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

# III.
# ARGUMENT AND AUTHORITIES

**A.     Plaintiffs' request for injunctive relief fails to state a claim for which relief may be granted.**

    **1.     Plaintiffs have stated no underlying cause of action warranting injunctive relief.**

Plaintiffs put the cart before the horse in asking for injunctive relief because they have not pled any cause of action that entitles them to relief—injunctive or otherwise.[8] Plaintiffs couch their first cause of action as a claim for injunctive relief. However, "[a] request for injunctive relief is simply a remedy and not a free-standing claim."[9]

Plaintiffs offer no free-standing claim on which to attach their request for relief. They merely ask for injunctive relief and declaratory relief for unspecified rights that Defendants have allegedly violated. Defendants—and this Court—should not have to parse through the Complaint to find a cause of action to attach to Plaintiffs' request for relief.[10] Even so, the only reference to any statutory or common law cause of action in the entire Complaint is a passing reference to the Lanham Act in Plaintiffs' jurisdictional statement, without further amplification.[11] But even liberally construed, the Complaint does not plead a valid cause of action under the Lanham Act.

---

[8] *See Gutowsky v. Deutsche Bank Nat. Trust Co.*, CIV.A. H-14-00839, 2014 WL 2696630, at *6 (S.D. Tex. June 11, 2014) (dismissing request for injunction because "Injunctive relief depends on viable underlying causes of action."); *Griffin v. Bank Of Am., N.A.*, 3:13-CV-967-O, 2013 WL 5314352, at *2 (N.D. Tex. Sept. 20, 2013) (noting that "[t]o show a probability of success on the merits of an injunction claim, a plaintiff must first plead a facially meritorious underlying cause of action. This is because an injunction is an equitable remedy, <u>not a cause of action unto itself</u>.") (internal quotation marks and brackets omitted) (emphasis supplied).

[9] *Trevino v. CitiMortgage, Inc.*, A-14-CV-511 LY, 2014 WL 12479572, at *3 (W.D. Tex. Sept. 19, 2014).

[10] *Ramming*, 281 F.3d at 161 (5th Cir.2001) (noting that a complaint must be "stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged").

[11] *See* Complaint ¶ 5.

To plead a viable claim for trademark infringement under the Lanham Act, Plaintiffs must set forth facts that, if true, would show (1) that they owned a legally protectable mark, and (2) Defendants are infringing on that mark, causing a likelihood of confusion.[12] To show that a mark is protectable, it must be "distinctive," whether due to the mark's inherent distinctiveness or because the mark has acquired secondary meaning.[13] Plaintiffs' Complaint here is bereft of any allegations of distinctiveness, whether inherent or by way of secondary meaning. All they allege is that they designed the logo in question and began using it first, which is not the same thing. Plaintiffs therefore have shown no right to legal protection of their alleged marks.[14]

By the same token, Plaintiffs' Complaint makes no factual allegations as to whether or how Defendants' alleged use of the marks in question has caused actual confusion in the marketplace. All Plaintiffs can offer is a conclusory assertion that Defendants' use of similar marks "create[s] a substantial likelihood of confusion in the minds of potential

---

[12] *See Amazing Spaces, Inc. v. Metro Mini Storage*, 608 F.3d 225, 235 (5th Cir. 2010).

[13] *Id.* at 236. A mark is inherently distinctive "if its intrinsic nature serves to identify a particular source." *Id.* at 237 (citing *Wal–Mart Stores, Inc. v. Samara Bros., Inc.*, 529 U.S. 205, 210–11 (2000) (internal quotations omitted). A mark has secondary meaning when, "in the minds of the public, the primary significance of a mark is to identify the source of the product rather than the product itself." *Id.*

[14] *See New York Pizzeria, Inc. v. Syal*, 56 F. Supp. 3d 875, 883 (S.D. Tex. 2014) (noting with approval another court's decision "dismissing trademark claim in which the plaintiff failed to allege similarities between its trademark and Defendants' trade name, signage, and advertising, any actual confusion, how Defendants use the marks and how such use might create a similar impression to Plaintiff's mark, any comparative qualities of the two marks, or the sophistication of the consuming public") (citing *Myung Ga, Inc. v. Myung Ga of MD, Inc.*, 2011 WL 3476828, at *5 (D.Md. Aug. 8, 2011) (internal quotations and emphasis omitted).

consumers. . . ."[15] Such a conclusory allegation is insufficient to satisfy Plaintiffs' pleading requirements and cannot survive a motion to dismiss.[16]

Moreover, where a plaintiff complains about the defendant's use of the <u>defendant's own</u> federally-registered trademark,[17] the plaintiff must show that it is a senior user of the mark in question, and it must prove the territory in which it is entitled to be regarded as the senior user.[18] While Plaintiffs allege they began using the marks in question before Defendants registered their own marks, the Complaint makes no mention of the territory in which Plaintiffs allege they have senior user status, or in which they seek an injunction against Defendants' use of the marks. Any attempt to plead a Lanham Act claim is therefore deficient on this ground as well.

Because Plaintiffs state no cause of action—whether under the Lanham Act or otherwise—on which to base their request for injunctive relief, the Court should dismiss that count of the Complaint.[19]

---

[15] Complaint ¶ 15.

[16] *See Iqbal*, 556 U.S. at 884; *Collins*, 224 F.3d at 498.

[17] Plaintiffs admit in their Complaint that Pollo Reggio registered the marks in question in 2006. Complaint ¶ 12.

[18] *Tally-Ho, Inc. v. Coast Cmty. Coll. Dist.*, 889 F.2d 1018, 1023 (11th Cir. 1989) ("The first to use a mark on a product or service in a particular geographic market, the senior user, acquires rights in the mark <u>in that market</u>.") (emphasis added); *Scooter Store, Inc. v. SpinLife.com, LLC*, 777 F. Supp. 2d 1102, 1111 (S.D. Ohio 2011) (noting that "common law rights of the senior user are superior to the federal registration of a junior user <u>within the senior user's geographic territory</u>") (citing *Allard Enters., Inc. v. Adv. Programming Res., Inc.*, 249 F.3d 564, 572 (6th Cir.2001)) (emphasis added).

[19] *See Tilford v. Jones*, CIV A H-05-2989, 2007 WL 677572, at *3 (S.D. Tex. Feb. 28, 2007) ("Indeed, the failure of [Plaintiff's] Complaint to state a factual basis upon which he would be entitled to injunctive relief against [Defendants] entitles these Defendants to dismissal of the claim.").

### 2. Plaintiffs have not alleged the elements necessary for injunctive relief.

To be entitled to a permanent injunction, in addition to stating a valid underlying cause of action, Plaintiffs must demonstrate "(1) that [they have] suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction."[20]  Plaintiffs have not sufficiently alleged any of these elements.

First, Plaintiffs have alleged no injury whatsoever in their Complaint, much less an irreparable one. All they offer is a conclusory statement that "Defendants' activities have caused, and will continue to cause, unless enjoined by the Court, irreparable injury to Plaintiffs, their business, reputation, and goodwill, for which they have no adequate remedy at law."[21]  But this conclusory legal assertion lacks any factual allegations to back it up, and it is insufficient to state a claim in the face of a motion to dismiss. Moreover, generally, "damage to business reputation and loss of goodwill do not constitute irreparable harm since they are compensable through monetary damages."[22]  Plaintiffs offer no allegations in their Complaint that could lead the Court to believe otherwise.

Plaintiffs also offer no allegations whatsoever as to the last two elements of their request for injunctive relief—the balance of hardships, and the impact on the public

---

[20] *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391, 126 S. Ct. 1837, 1839, 164 L. Ed. 2d 641 (2006).

[21] Complaint ¶ 17.

[22] *Tex. Marine & Brokerage, Inc. v. Bennington Marine, LLC*, 1:12-CV-397, 2012 WL 12888827, at *5 (E.D. Tex. Oct. 17, 2012) (citing D*FW Metro Line Servs. v. Sw. Bell Tel. Co.*, 901 F.2d 1267, 1269 (5th Cir. 1990)).

interest. Because Plaintiffs have failed to plead these elements in any manner, their injunctive relief count should be dismissed on that basis alone.[23]

Because Plaintiffs failed to plead each element of their claim for injunctive relief, the Court should dismiss that cause of action for failure to state a claim.

### 3. The Complaint demonstrates on its face that Defendants were licensed to use Plaintiffs' alleged marks.

Plaintiffs are not entitled to enforce the marks in question because, by their own admission, they granted Defendants a license to use the alleged marks. License is an affirmative defense to a trademark infringement claim,[24] which, as noted above, appears to be what Plaintiffs may be trying to plead in this case.

Here, Plaintiffs admit in their Complaint that they granted Defendants "[a] non-exclusive license to use Mr. Rosales's business's recipes, logo, processes and business model"—the very marks that Plaintiffs now complain Defendants are using.[25] Plaintiffs do not plead any qualification on Defendants' use pursuant to that license, nor do they plead that the license was revoked. Therefore, pursuant to the very facts that Plaintiffs themselves have pled in their Complaint—which the Court must accept as true for purposes of this Motion—Defendants had Plaintiffs' permission to use the marks at issue and cannot

---

[23] *See Guy Carpenter & Co. v. Provenzale,* 334 F.3d 459, 464 (5th Cir. 2003) (noting that "[f]ailure to establish any of the four elements will result in the motion for injunctive relief being denied.").

[24] *Burkitt v. Flawless Records, Inc.*, CIV. A. 03-2483, 2005 WL 6225822, at *12 (E.D. La. June 13, 2005) ("It is clearly established that a licensee has an affirmative defense to a claim of trademark infringement.") (citing *McCoy v. Mitsuboshi Cutlery, Inc.*, 67 F.3d 917, 920 (Fed. Cir. 1995) (applying Fifth Circuit law); *Moore Bus. Forms, Inc. v. Ryu*, 960 F.2d 486, 489 (5th Cir. 1992)).

[25] Complaint ¶ 10; *see also* Complaint ¶ 15 ("Defendants' actions, namely, taking the non-exclusive <u>license granted to them by Plaintiffs</u> . . .") (emphasis added).

be liable for trademark infringement.[26] The Court should therefore dismiss the Complaint for failure to state a claim.

**B.  Plaintiffs' claim for declaratory relief fails to state a claim because it will not alter the parties' legal relationship.**

Like Plaintiffs' request for injunctive relief, a declaratory judgment is also a remedy dependent on other substantive causes of action, not a separate cause of action unto itself.[27] As noted above, Plaintiffs have failed to plead any cause of action that would entitle them to any sort of relief, whether declaratory, injunctive, or otherwise. Plaintiffs' declaratory judgment count should be dismissed on that basis.

Additionally, "[a] declaratory judgment, by its nature, is forward looking; it is designed to resolve a controversy and prevent future damages. It affects a party's behavior or alters the parties' legal relationship on a going-forward basis."[28] Plaintiffs here have not pled facts that, if true, would show any change in legal relationship between the parties resulting from the declaratory relief they seek. In part, this is because, by their own admission, Plaintiffs granted Defendants a license to use the marks in question, as noted above. A declaration that Plaintiffs are senior users of those marks would have no impact

---

[26] *Software Consultants, Inc. v. Rachakonda*, 1:15-CV-1145, 2016 WL 234845, at *3 (E.D. Va. Jan. 19, 2016) ("[A] party who holds a valid license to use a trademark and is not in breach of the license cannot be an infringer of the licensed mark.") (alteration in original); *Segal v. Geisha NYC LLC*, 517 F.3d 501, 506 (7th Cir. 2008) ("[W]here the trademark holder has authorized another to use its mark, there can be no likelihood of confusion and no violation of the Lanham Act if the alleged infringer uses the mark as authorized."). Plaintiffs here have alleged no breach of the license they claim they granted Defendants, nor have they even alleged the terms or scope of any such license.

[27] *See Gutowsky,* 2014 WL 2696630, at *5 (dismissing declaratory judgment claim because the Federal Declaratory Judgment Act "is a procedural vehicle to assert and defend substantive rights, and thus, the claim depends on viable, substantive causes of action"); *Buckley v. JPMorgan Chase Bank, N.A.*, A-11-CA-1060-SS, 2012 WL 12861140, at *6 (W.D. Tex. Dec. 18, 2012) ("A declaratory judgment is a remedy, not an independent cause of action; where there is no independent cause of action, a request for declaratory relief cannot stand alone.").

[28] *Kinnison v. City of San Antonio*, 699 F. Supp. 2d 881, 887–88 (W.D. Tex. 2010).

**DEFENDANTS' MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT**  PAGE 9

on Defendants' license to use those marks (and, in fact, such a license would only be necessary if Plaintiffs are in fact entitled to such status). Furthermore, as discussed above, Plaintiffs have not alleged any facts showing the territory in which they claim they are entitled to senior user status, and their request for declaratory relief names no such alleged territory. In a claim against a registered trademark holder, this defect is fatal. The Court should therefore dismiss Plaintiffs' claim for declaratory relief.

## IV.
## CONCLUSION AND PRAYER

For the foregoing reasons, Defendants respectfully request that the Court dismiss Plaintiffs' cause of action for injunctive relief for failure to state a claim pursuant to Rule 12(b)(6); dismiss Plaintiff's cause of action for declaratory relief for failure to state a claim pursuant to Rule 12(b)(6); and grant such other relief to which Defendants may be justly entitled.

Respectfully submitted, this 4th day of April, 2017.

                */s/ L. David Anderson*
                L. David Anderson (Attorney-in-Charge)
                Texas Bar No. 00796126
                S.D. Tex. Bar No. 33926
                danderson@wickphillips.com
                Christopher M. Hodge
                Texas Bar No. 24074423
                S.D. Tex. Bar No. 1138522
                chris.hodge@wickphillips.com
                **WICK PHILLIPS GOULD & MARTIN, LLP**
                3131 McKinney Avenue, Suite 100
                Dallas, Texas 75204
                Telephone: (214) 692-6200
                Facsimile:   (214) 692-6255

                **ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Motion to Dismiss was filed electronically in compliance with Local Rule 5.1. As such, this document was served on the following counsel who have consented to electronic service pursuant to Local Rule 5.1. Pursuant to Fed. R. Civ. P. 5(b) and Local Rule 5.5, all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of this document by certified mail, return receipt requested on this 4th day of April, 2017.

Counsel for Plaintiffs:

Josef F. Buenker
Vijay Pattisapu
The Buenker Law Firm
2030 North Loop West, Suite 120
Houston, Texas 77018

                */s/ L. David Anderson*
                L. David Anderson