# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **ISAIAS ROSALES, individually and d/b/a POLLOS ASADOS EL REGIO; POLLOS ASADOS EL REGIO #1, INC., d/b/a POLLOS ASADOS EL REGIO; POLLOS ASADOS EL REGIO #5, INC., d/b/a EL REGIO POLLOS ASADOS; POLLOS ASADOS EL REGIO #7, INC., d/b/a EL POLLO REGIO; POLLOS ASADOS EL REGIO #9, INC., d/b/a POLLOS EL REGIO; POLLOS ASADOS EL REGIO #10, INC.; POLLOS ASADOS EL REGIO #11 INC.; POLLOS ASADOS EL REGIO #12 INC.; POLLOS ASADOS EL REGIO #13 INC.; POLLOS ASADOS EL REGIO #14 INC.,** | § § § § § § § § § § § § § § § § § § § § § § § § § § § | **CIVIL ACTION NO. 4:17-cv-00414** |
| *Plaintiffs*, | | |
| **v.** | | |
| **JOSE JUAN BAZALDUA and EL POLLO REGIO IP, LLC,** | | |
| *Defendants*. | | |

## DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS

Defendants Jose Juan Bazaldua ("Bazaldua") and El Pollo Regio IP, LLC ("Pollo Regio") (together, "Defendants") file this Reply in support of their Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) [Doc. 6] (the "Motion"), and respectfully state as follows:

**I.**
**INTRODUCTION**

Plaintiffs pled that they granted Defendants a license to use their alleged marks.

Plaintiffs have <u>not</u> pled that Defendants breached that license. But in their Response to

Defendants' Motion to Dismiss [Doc. 12] ("<u>Response</u>"), Plaintiffs try to supplement the

inadequate pleadings in their Original Complaint [Doc. 1] ("<u>Complaint</u>") and argue that

Defendants exceeded the license's scope. The actual Complaint offers no support for that

assertion and should be dismissed in its entirety for that reason alone.

**II.**
**ARGUMENT AND AUTHORITIES**

Plaintiffs have by-and-large bypassed the substantive arguments made in

Defendants' Motion as to why their claims fail under the Lanham Act. But they do attempt

to address the fact that their Complaint, on its face, grants Defendants the affirmative

defense of license.[1]

It is axiomatic that a licensee of a mark, operating within the bounds of that license,

cannot infringe that mark.[2] Plaintiffs admit on the face of their Complaint that they granted

Defendants a license.[3] Plaintiffs now argue that, "Plaintiffs allege that they granted

---

[1] *See* Motion at 8-9; Complaint ¶ 10, 15. An affirmative defense "is subject to adjudication in the context of a Rule 12(b)(6) motion if the application of the defense is apparent on the face of the pleadings." *Smith v. JPMorgan Chase Bank, Nat. Ass'n*, 825 F. Supp. 2d 859, 862 (S.D. Tex. 2011).

[2] *See Li v. Shuman*, 5:14-CV-00030, 2016 WL 7217855, at \*17 (W.D. Va. Dec. 9, 2016) ("[A] party who holds a valid license to use a trademark and is not in breach of the license cannot be an infringer of the licensed mark.") (quoting *Software Consultants, Inc. v. Rachakonda*, No. 1:15-CV-1145, 2016 WL 234845, at \*4 (E.D. Va. Jan. 19, 2016); 4 McCarthy on Trademarks and Unfair Competition § 25:30); *Segal v. Geisha NYC LLC*, 517 F.3d 501, 506 (7th Cir. 2008). ("[W]here the trademark holder has authorized another to use its mark, there can be no likelihood of confusion and no violation of the Lanham Act if the alleged infringer uses the mark as authorized").

[3] Complaint ¶ 10; *see also* Complaint ¶ 15.

Defendants a non-exclusive license to use the marks, but then Defendants, without the knowledge or permission of Plaintiffs, registered the marks with the USPTO, going beyond the scope of that license."[4] But that is not what they pled in the Complaint. Nowhere in the Complaint do Plaintiffs allege what the scope of the license was; nor have they alleged how or even whether Defendants exceeded any such scope. Adding these allegations now in their Response does not make up for what they lack in their pleadings.[5]

By pleading that they gave Defendants a license, and then failing to plead that Defendants breached that license, Plaintiffs cannot establish that Defendants infringed Plaintiffs' alleged marks.[6] Accordingly, Plaintiffs cannot establish a violation of the Lanham Act,[7] which serves as the predicate for their requests for declaratory and injunctive relief, and their Complaint should be dismissed.

### III.
### CONCLUSION AND PRAYER

For the foregoing reasons, and for the reasons set forth in their Motion, Defendants respectfully request that the Court dismiss Plaintiffs' cause of action for injunctive relief for failure to state a claim pursuant to Rule 12(b)(6); dismiss Plaintiff's cause of action for

---

[4] Response at 5 ¶ 11.

[5] *Smith v. Walters*, CIV.A. H-08-1128, 2009 WL 540965, at *4 (S.D. Tex. Mar. 4, 2009) (refusing to consider new allegations in response brief "because they are not contained in [plaintiff's] live pleading"); *Emerging Material Techs., Inc. v. Rubicon Tech., Inc.*, 09 C 3903, 2009 WL 5064349, at *4 (N.D. Ill. Dec. 14, 2009) ("But that is not what they allege in their complaint, and a brief in response to a motion to dismiss is not the place to amend a complaint.").

[6] *See Li v. Shuman*, 5:14-CV-00030, 2016 WL 7217855, at *17 (W.D. Va. Dec. 9, 2016) ("[A] party who holds a valid license to use a trademark and is not in breach of the license cannot be an infringer of the licensed mark.").

[7] *See Segal v. Geisha NYC LLC*, 517 F.3d 501, 506 (7th Cir. 2008). ("[W]here the trademark holder has authorized another to use its mark, there can be no likelihood of confusion and no violation of the Lanham Act . . . .").

declaratory relief for failure to state a claim pursuant to Rule 12(b)(6); and grant such other

relief to which Defendants may be justly entitled.

Respectfully submitted, this 16th day of May, 2017.

*/s/ L. David Anderson*
L. David Anderson (Attorney-in-Charge)
Texas Bar No. 00796126
S.D. Tex. Bar No. 33926
danderson@wickphillips.com
Christopher M. Hodge
Texas Bar No. 24074423
S.D. Tex. Bar No. 1138522
chris.hodge@wickphillips.com
**WICK PHILLIPS GOULD & MARTIN, LLP**
3131 McKinney Avenue, Suite 100
Dallas, Texas 75204
Telephone: (214) 692-6200
Facsimile:  (214) 692-6255

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Reply in Support of Motion to Dismiss was filed electronically in compliance with Local Rule 5.1. As such, this document was served on the following counsel who have consented to electronic service pursuant to Local Rule 5.1. Pursuant to Fed. R. Civ. P. 5(b) and Local Rule 5.5, all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of this document by certified mail, return receipt requested on this 16th day of May, 2017.

Counsel for Plaintiffs:

Josef F. Buenker
Vijay Pattisapu
The Buenker Law Firm
2030 North Loop West, Suite 120
Houston, Texas 77018

*/s/ L. David Anderson*
L. David Anderson